ESSEX COUNTY CIRCUIT COURT.

BALAY CHUZ v. THE COLUMBIAN NATIONAL LIFE INSUR-
ANCE COMPANY.

Decided May 12, 1932.

Before Nelson Y. Dungan, J., and a jury.

For the plaintiff, *Abraham Silverstein.*

For the defendant, *Osborne, Cornish & Scheck* (by *Emanuel P. Sheck*).

DUNGAN, C. C. J.   The policy in this case has the usual incontestability clause, which is to the effect that this policy shall be incontestable after one year during the lifetime of the insured from the date of issue, except for non-payment of the premium. The question in this case is whether or not that same agreement of incontestability should be read into the policy as changed by a reinstatement agreement at the time of such reinstatement, and whether or not the policy is incontestable after the period of one year from each reinstatement.   If that be read into the policy, then the defendant in this case is now barred from setting up fraudulent representations in the application for reinstatement.

In the case of *Mutual Life Insurance Co.* v. *Dreeben*, 20 *Fed. Rep.* (*2d Series*) 394, Judge Atwell, of the United States District Court, says, in effect, as stated by the second syllabus, the reinstatement of a life policy after a lapse as permitted by its terms does not create a new contract, but is a revival of the original contract, and the clause in a policy making it incontestable after two years applies to representations made in the application for reinstatement, for falsity of which

insurer may contest the policy within two years after they are made. He says (at *p.* 395): "The two years begin to run, as to reinstatement representations, when they were made. Two years after reinstatement their falseness may not be advantaged by the company." The inference from this is that the insurer cannot contest a policy after the expiration of two years from the reinstatement.

Precisely the contrary opinion is given by Judge Woodward, in the United States District Court for the Northern District of Illinois, in *Alper* v. *New York Life Insurance Co.,* 41 *Fed. Rep.* (2d Series) 956, in which he holds that in a suit of this kind the "plaintiff must maintain two contracts. One is the contract of reinstatement. The other is the original contract as restored by the contract of reinstatement;" and "the incontestable clause is a part of the restored contract. It is no part of the contract for the restoration of the policy. The new contract for the reinstatement of the policy is subject to be attacked for fraud." I have read very carefully that case and the case therein cited by Judge Woodward, namely, *New York Life Insurance Co.* v. *Feicht,* another Illinois case, reported in 29 *Fed. Rep.* (2d Series) (at *p.* 318).

The decision of this question is a matter of first impression in New Jersey. There appears to be no case directly in point as to whether or not the incontestability clause should apply to a contract of reinstatement. Therefore, I am at liberty, so far as the decisions in this state are concerned, to adopt whichever policy seems to be the more convincing, and I am convinced that the better reasoning is that of Judge Woodward in the Alper case, and I hold that the incontestability clause does not apply to the reinstatement. That results in overruling of the objection. This incontestability clause, being in derogation of common law, should be strictly construed and should not be read into the new contract for the reinstatement of the policy.